**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

EDWARD MCCRAY,

Plaintiff,

v.

3:26-CV-1192
(GTS/DJS)

PAUL BATISTA, *Broome County D.A.*, *et al.*,

Defendants.

**APPEARANCES:**

EDWARD MCCRAY
Plaintiff, *Pro Se*
470590A
Broome County Correctional Facility
P.O. Box 2047
Binghamton, New York 13902-2047

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has forwarded for review a Complaint filed by Plaintiff Edward McCray ("Plaintiff"). Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff filed a Motion to Proceed *in forma pauperis*. Dkt. No. 10. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3. The Court recommends that the Complaint be dismissed without prejudice.

## I. FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Fifth, Sixth, and Eighth Amendment rights. Compl. at pp. 1 & 5. Specifically, he attempts to assert the following claims: (1) "5th Amendment violation[] of due process rights in a criminal case"; (2) "6th Amendment rights to a fair trial" based on him not being "offered the right to a speedy and fair public trial"; and (3) "8th Amendment bails fines punishment, cruel and unusual punishment." *Id.* at p. 5.

The facts alleged in the Complaint are sparse. *See generally id.* at p. 4. The statement of facts section contained within the Complaint states:

> On 8-15-25 I was charged with a robbery that I didn't commit. I was in fact the victim of said robbery. I acted in self defense. These charges were dropped at my preliminary hearing, which they did not transport me to. I was not offered the opportunity to a preliminary hearing that I asked to be at. This violates my due process rights. I was not allowed to attend my grand jury hearing as well. . . . I was not offered the right to a speedy trial and I am being detained illegally. This is unlawful imprisonment. All my charges were dropped at my parole hearing. . . . I . . . have been lodged at the B.C.C.F. since 8-15-25. It's clear that I've served the maximum sentence allowed. Why am I still being detained.

*Id.* The Complaint also attaches two exhibits. *See generally* Dkt. Nos. 1-1 & 1-2.

The Complaint names as Defendants "Broome County D.A. Off. Paul Batista" ("Batista") and "Broome County Public Defender David Butler" ("Butler") in their "personal and official capacit[ies]," as well as the "Broome County Corr. Fac." ("Broome C.F."). Compl. at pp. 2-3.

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

**III. ANALYSIS**

Plaintiff's Section 1983 claims against Batista, Butler, and Broome C.F. should be dismissed. Plaintiff alleges that Batista is the "Broome County D.A." and that Butler is the "Broome County Public Defender." Compl. at pp. 2-3. "The doctrine of absolute immunity applies broadly to shield a prosecutor," like Batista, "from liability for money damages (but not injunctive relief) in a § 1983 lawsuit." *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). "The doctrine of prosecutorial immunity protects a 'state prosecuting attorney who acted within the

scope of his duties in initiating and pursuing' a prosecution." *Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 943 (E.D.N.Y. 1999) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997)). "This immunity 'attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case.'" *Harris v. Tioga Cnty.*, 663 F. Supp. 3d 212, 239 (N.D.N.Y. 2023) (quoting *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011)). This includes when and whether to prosecute a case. *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012). Here, any allegations that Plaintiff might make about Batista presumably relate to his actions, or at least the actions of other attorneys in his office, regarding the prosecution of a criminal matter against Plaintiff and thus fall squarely within this immunity. For this reason, the Court recommends that Batista be dismissed on the basis of absolute immunity.

Additionally, "it is well-established that court-appointed attorneys," like Butler, who are "performing a lawyer's traditional functions as counsel . . . do not act under color of state law." *Lewis v. Essex Cnty.*, 2024 WL 4712530, at *15 (N.D.N.Y. June 18, 2024) (quotations omitted) (citing cases), *report and recommendation adopted sub nom. Lewis v. Essex Cnty., New York*, 2024 WL 4441730 (N.D.N.Y. Oct. 8, 2024). Butler is thus "not subject to suit under 42 U.S.C. § 1983." *Id.* The Court thereby recommends that Butler be dismissed because he is not a state actor.

In any event, while the Complaint names Batista and Butler as Defendants in this lawsuit, Plaintiff does not allege any conduct on the part of either Batista or Butler, and

neither of them are named elsewhere in the Complaint. *See generally* Compl. Consequently, it is not clear to the Court what, if any, personal involvement Batista and Butler have to this matter, which makes Plaintiff's claims against them insufficient to establish liability pursuant to Section 1983. *See Ali v. Oneida Cnty. Dist. Att'y*, 2023 WL 7124513, at *5-6 (N.D.N.Y. Oct. 30, 2023), *report and recommendation adopted*, 2023 WL 8798116 (N.D.N.Y. Dec. 20, 2023).

Broome C.F. is also subject to dismissal. "A correctional facility, like [Broome] C.F., is not a 'person' for purposes of Section 1983 and is therefore not amenable to suit." *Burrell v. Durkin*, 2022 WL 22955445, at *5 (N.D.N.Y. Apr. 20, 2022) (quotations omitted); *Kirby v. Hanks*, 2022 WL 1500857, at *3 (N.D.N.Y. May 12, 2022) (quotation omitted), *report and recommendation adopted*, 2023 WL 2857044 (N.D.N.Y. Apr. 10, 2023). As such, any claims purportedly asserted against Broome C.F. should be dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Burrell v. Durkin*, 2022 WL 22955445, at *5; *Sitts v. Delaware Cnty. Corr. Facility*, 2021 WL 12157651, at *4 (N.D.N.Y. Jan. 13, 2021).

Finally, the Court notes that, notwithstanding the errors described in detail above, the Complaint is also subject to dismissal because it fails "to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense" as required by Rule 8 of the Federal Rules of Civil

Procedure. *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Most notably, the allegations contained within the Complaint are contradictory and unclear. For example, Plaintiff alleges that he "was not offered the opportunity to a preliminary hearing." Compl. at p. 4. However, Plaintiff contends that his robbery "charges were dropped at [his] preliminary hearing." Compl. at p. 4. Inconsistent with that statement, Plaintiff further alleges that "[a]ll [his] charges were dropped at [his] parole hearing." *Id.* Plaintiff also asserts that he "was not allowed to attend [his] grand jury hearing," *id.*, but he presumably would not have been entitled to a preliminary hearing if he was indicted by a grand jury.

In light of the foregoing, the Complaint is clearly subject to dismissal. "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). "However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate." *Norwood v. Albany City Police Dep't*, 2019 WL 7593292, at *2 (N.D.N.Y. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5415873 (N.D.N.Y. Oct. 23, 2019). Here, as to the Defendants named in the Complaint, further pleading cannot cure the bars to

Plaintiff's claims against Batista, Butler, and Broome C.F., as Batista is immune to suit, Butler is not a state actor, and Broome C.F. is not amenable to suit. As such, the Court recommends that Batista, Butler, and Broome C.F. be dismissed with prejudice. As to the causes of action asserted in the Complaint, the Court recommends that the Complaint be dismissed, but that the dismissal be without prejudice and with leave to amend so that Plaintiff is given the opportunity to provide a more sufficient pleading against proper parties.

The Court advises Plaintiff that, should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying: (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the Defendants and must demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** as set forth above; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>.** *Roldan v.*

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 2, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

D J S